NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 25 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RAJBIR SINGH, | No.    14-71862 |
| Petitioner, | Agency No. A200-979-971 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 14, 2017[**]
San Francisco, California

Before:  GRABER and FRIEDLAND, Circuit Judges, and FOGEL,[***] District
Judge.

Rajbir Singh petitions for review of the decision of the Board of

Immigration Appeals ("BIA") denying his applications for asylum, withholding of

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Jeremy D. Fogel, Senior United States District Judge
for the Northern District of California, sitting by designation.

removal, and protection under Article III of the Convention Against Torture ("CAT").  We have jurisdiction, and we affirm.

1.  Singh contends that the BIA erred in affirming the immigration judge ("IJ")'s finding that Singh was not credible.  Under the applicable standard, "only the most extraordinary circumstances will justify overturning an adverse credibility determination." *Jibril v. Gonzales*, 423 F.3d 1129, 1138 n.1 (9th Cir. 2005).  Here, both the IJ and the BIA identified several specific reasons for their respective determinations as to Singh's credibility, including material inconsistencies in Singh's own testimony, between Singh's testimony and that of other witnesses, and between the testimony of the witnesses and the documentary evidence.  The IJ also found much of Singh's documentary evidence to be questionable and unreliable, based both on the appearance of the documents and on internal inconsistencies within the documents themselves. "Immigration judges retain broad discretion to accept a document as authentic or not based on the particular factual showing presented." *Vatyan v. Mukasey*, 508 F.3d 1179, 1185 (9th Cir. 2007).  Even if the agency erred in relying on some of these inconsistencies, the error would be harmless given the numerous other bases for its adverse credibility finding.  *See Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011) ("[W]e must uphold the IJ's adverse credibility determination so long as even one basis is supported by substantial evidence….").

2. Singh also asserts that the BIA erred in affirming the IJ's denial of CAT protection.  Here, too, our review is highly deferential.  *Almaghzar v. Gonzales*, 457 F.3d 915, 922-23 (9th Cir. 2006)(applying "the substantial evidence test" to this "factual determination"). As the BIA noted, Singh identified no evidence, other than that which the IJ found not credible, to support his claim that he would face a particularized threat of torture if he were to return to India.

AFFIRMED.